### FREDERIC SHERMAN vs. HENRY TOBEY.

Under Gen. Sts. c. 148, county commissioners have no power to authorize an owner of marshy or wet land to dig a ditch into his neighbor's land, and discharge the water upon the same, to his injury, but only to authorize him to dig a ditch across the same, or to some outlet where the water may be discharged without injury.

TORT, for digging a ditch from the defendant's swamp into the plaintiff's land, and thereby discharging water upon the same.

At the trial in the superior court, it appeared that at times water was accumulated in the defendant's swamp so as to overflow a small ridge and discharge itself upon the plaintiff's land below; and the defendant dug a ditch through the ridge, by means of which an increased amount of water was discharged upon the plaintiff's land, from which there were no means of draining it. The defendant justified his acts under a decree of the county commissioners, authorizing him to dig the ditch, and fixing the damages to be paid therefor. But Vose, J. ruled that this constituted no defence; and a verdict was returned for the plaintiff. The defendant alleged exceptions.

G. Marston, for the defendant, cited Sts. 1855, c. 104; 1857, c. 292; Gen. Sts. c. 148.

T. M. Stetson, for the plaintiff.

BIGELOW, C. J. The adjudication of the county commissioners under which the defendant sought to justify the tortious acts alleged in the declaration did not constitute a defence to the action. The proceedings of the commissioners seem to have been founded on a misconception of the authority conferred on them by Gen. Sts. c. 148, §§ 19–22. These provisions confer on them no power or jurisdiction to establish drains by means of which water can be drawn off from the land of one person into and upon that of another, there to remain stagnant or in such a position that it cannot pass thence into any stream, pond or other outlet. The object of the statute is not to furnish a mode by which an owner of land can drain his own premises by

submerging those of his neighbor, or to enable him to shift the burden of defective drainage on to land of an adjacent proprietor. The great purpose which was intended to be subserved by the statute is, to establish a system by which swamps, meadows and other lands, which are low and wet or difficult of approach, may be rendered accessible and capable of improvement. This purpose is clearly indicated by the terms of the statute. It provides only for cases where lands cannot be approached, worked, drained or used in the ordinary manner without " crossing " other lands or a highway, and it authorizes the commissioners to establish roads, drains and ditches to such places, not by constructing them in such way as to allow water or travel to find its terminus in land of adjoining owners, without any means of outlet or egress, but only to establish them by " crossing " adjacent premises, so as to furnish such means of access for travel or escape for water as may be necessary to render the land capable of approach and susceptible of improvement by tillage or otherwise. If in the present case the commissioners had authorized the defendant to construct a drain across a portion of the plaintiff's land, the effect of which would have been only to draw off the water from the swamp of the defendant into a pond or brook situated on land of the plaintiff, it would have been a rightful exercise of the authority conferred by statute. The effect of such a drain would have been to relieve the land of the defendant from water, which impaired its value and rendered it unproductive, without accumulating water on the adjoining land of the plaintiff to its injury. But they had no power or authority to sanction the construction of a ditch or watercourse, which terminated on land of the plaintiff, the necessary effect of which was to flood it with water which could there find no outlet, but must remain stagnant on the land, and cause a permanent injury to it. It follows that, if the county commissioners and not the selectmen were the proper tribunal to exercise jurisdiction over the subject matter embraced in their adjudication, upon which we express no opinion, they exceeded their power in attempting to confer on the defendant an authority to dig a drain which caused water to accumulate on the

plaintiff's land in the manner disclosed by the evidence at the trial. The instructions of the court were therefore correct, and the order must be                                    *Exceptions overruled.*